THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KATHY ARROWOOD OATES,                :
                                     : CIVIL ACTION NO. 3:25-CV-1151
        Plaintiff,                   :
                                     : (JUDGE MARIANI)
        v.                           :
                                     :
SHAWNEE DEVELOPMENT, LLC ,           :
et al.,                              :
                                     :
        Defendants.                  :

## MEMORANDUM and ORDER

The Motion of Defendants, Shawnee Development, LLC, and Travel + Leisure

Resort Development Company for Leave to File a Third-Party Complaint Against S.L.C.

Lawn, Inc. d/b/a Strauser Nature's Helpers (Doc. 27) is pending before the Court.  With the

Motion, Defendants seek leave of Court to file a third-party complaint against the company

contractually responsible for maintenance at the miniature golf course where Plaintiff fell

and sustained the alleged injuries at issue in this case.  For the reasons that follow, the

Court will grant Defendants' Motion.

Defendants' request for leave to file a Third-Party Complaint is governed by Federal

Rule of Civil Procedure 14.  The purpose of Federal Rule of Civil Procedure 14 is to reduce

duplicative litigation and the multiplicity of actions.  Therefore, courts liberally construe Rule

14 and, in the interest of judicial economy, should liberally grant motions for leave to join

third parties.  *See Gonzalez v. Angelus Sanitary Canning Mach. Co.*, Civ. A. No. 1:09-CV-

1455, 2010 WL 4514332, at *2 (M.D. Pa. Nov. 2, 2010); *Con-Tech Sales Defined Ben. Trust v. Cockerham*, 715 F. Supp. 701, 703-704 (E.D. Pa. 1989). Pursuant to Federal Rule of Civil Procedure 14,

> [a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

Fed. R. Civ. P. 14(a)(1).

A third-party claim may be asserted under Rule 14(a) "'only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to defendant. If the claim is separate or independent from the main action, impleader will be denied.'" *FDIC v. Bathgate*, 27 F.3d 850, 873 (3d Cir. 1994) (quoting C.A. Wright, A. Miller, M.K. Kane, *Federal Practice and Procedure*, Vol. 6, § 1446, at 355-58 (1990)). Upon demonstrating a substantive basis for the third-party claim, when determining whether to permit the joinder, federal courts generally consider "(1) the possibility [of] prejudice to the plaintiff; (2) the complication of issues at trial; (3) the probability of trial delay, and (4) the timeliness of the motion." *Gonzalez*, 2010 WL 4514332, at *2 (collecting cases).

Defendants acknowledge that the Motion, filed on June 12, 2026, was filed after the March 15, 2026, deadline for filing a motion to join additional parties set out in the Court's Case Management Order (Doc. 18 ¶ 2). (*See* Doc. 28 at 1.) However, Defendants adequately explain this delay: Plaintiff did not timely file answers to Defendants'

2

interrogatories; Defendants sought Plaintiff's responses when they became overdue on February 5, 2026; Defendants received the responses after the deadline for filing a motion to join additional parties had passed; Defendants did not learn of the role in Plaintiff's fall played by overhanging trees blocking lighting on the miniature golf course until Plaintiff's deposition on May 13, 2026; Defendants received the deposition transcripts on June 1, 2026; Defendants retrieved the applicable maintenance contract on or about June 8, 2026; and Defendants pending Motion and proposed Third-Party Complaint "were immediately prepared and filed." (Doc. 28 at 2-3.)

Plaintiff's June 24, 2026, brief in opposition to Defendants' Motion (Doc. 30) asserts that relevant factors weigh against Defendants in that they do not provide a "proper excuse" for filing after the deadline for joining additional parties. (Doc. 30 at 1.) Plaintiff also asserts that

> such a filing would prejudice Plaintiff who would not be able to conduct proper discovery with a deadline of July 15, 2026 fast approaching, and furthermore, when defendants knew about this entity for the entirety of the litigation and waited until the end of the discovery process to bring them into the lawsuit for strategic reasons[.]

(*Id.*)

Plaintiff does not provide support for the allegation that Defendants knew about S.L.C. Lawn, Inc. "for the entirety of the litigation." (*See id.*) Rather, Plaintiff points to deficiencies in Defendants' interrogatories (*see id.* at 2, 5-6), but she neither acknowledges

3

that her responses to relevant interrogatories were filed late nor disputes that they were filed after the deadline for Defendants' filing of a motion to join additional parties.

Plaintiff's assertion that "Defendants' counsel did not exercise reasonable diligence in their discovery efforts, and their failure to acquire the evidence they wanted is entirely a result of their negligent issuance of improper interrogatories" (*id.* at 5) also points to numerous mentions of lighting problems in the Complaint and photos of where her fall occurred (*id.* at 6-7). First, the Court makes no finding on the relevance of all of Defendants' interrogatories. Rather, the Court concludes that Defendants' propounding of some improper interrogatories does not relieve Plaintiff of the obligation to timely and substantively respond to those which are appropriate. Moreover, Plaintiff's averment that the Complaint's mention of "lighting deficiencies numerous times[ ] put[ ] Defendants on notice that trees blocking artificial lighting would be an issue" (*id.* at 10), is not supported by Plaintiff's citations to the Complaint: numerous references to "poor lighting" and Defendants' failure to provide "proper lighting" (*see* Doc. 30 at 6-7 (citing Doc. 1 ¶¶ 33, 34, 37, 39, 50, 53, 55, 56)) do not provide notice to Defendants of the allegation "that the condition of overgrown and overhanging trees on the miniature golf course contributed to the asserted lighting and visibility issues in  the area where [Plaintiff] fell" (Doc. 28 at 5). Similarly, photographs of the area where Plaintiff fell (which reportedly were provided to Defendants in Plaintiff's initial disclosures) are not indicative of a lighting problem in that the photographs

4

show the location on a sunny day with no indication of where relevant lighting is positioned. (Doc. 30 at 7 (citing Doc. 29-4 at 1-3).)

As a threshold matter, Defendants have sufficiently shown that the potential liability of S.L.C. Lawn, Inc., "is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to defendant. If the claim is separate or independent from the main action, impleader will be denied.'" *FDIC v. Bathgate*, 27 F.3d 850, 873 (3d Cir. 1994). S.L.C. Lawn, Inc., is the company which had the maintenance contract with Defendants. (*See* Doc. 28 at 6.) The contract included an indemnification clause and the exhibit attached thereto delineated the maintenance responsibilities which specifically included tree pruning. (*Id.*; Doc. 27-8, "Landscape Maintenance Management Services Agreement" and attached Exhibit.)

Turning now, to the specific factors the Court is to consider, although the Motion was not filed before the deadline for joining additional parties, the Court is satisfied for the reasons set out above that "the timeliness of the motion," *Gonzalez*, 2010 WL 4514332, at *2, does not weigh against granting the Motion.

Second, the Court concludes that "the possibility [of] prejudice to the plaintiff," *Gonzalez*, 2010 WL 4514332, at *2, is minimal at best. This is so because the Court has extended the fact discovery deadline by ninety days for Plaintiff "to procure and provide to Defendants' counsel all available neurological and opthamological records related to Plaintiff's claimed injuries" (Doc. 38 ¶ 1), and, thereafter, Defendants' counsel has the

opportunity to determine whether additional independent medical examinations may be needed (*id.* ¶ 2).  Thus, this case has been delayed due to the lack of support in the way of medical records for Plaintiff's claimed neurological and opthamological injuries.  Because the ninety days extend beyond retained expert deadlines and the dispositive motion deadline set out in the Court's January 15, 2026, Case Management Order (Doc. 18 ¶¶ 6-10), extension of all pending deadlines is warranted for the orderly advancement of the litigation and such an extension is not prejudicial.

Third, "the probability of trial delay," *Gonzalez*, 2010 WL 4514332, at *2, beyond delay caused by the lack of medical records supporting some of Plaintiff's claimed injuries is minimal or nonexistent.  Finally, the Court has no basis to conclude that allowing the filing of a third-party complaint will cause "complication of issues at trial," *Gonzalez*, 2010 WL 4514332, at *2.

Therefore, to avoid duplicative litigation and the multiplicity of actions, in the interest of judicial economy the Court will grant Defendants' Motion.

**ACCORDINGLY, THIS** $\underline{23rd}$ **DAY OF JULY 2026, IT IS HEREBY ORDERED THAT:**

1. The Motion of Defendants, Shawnee Development, LLC, and Travel + Leisure Resort Development Company for Leave to File a Third-Party Complaint Against S.L.C. Lawn, Inc. d/b/a Strauser Nature's Helpers (Doc. 27) is **GRANTED**;

2. Defendants may file a Third-Party Complaint against S.L.C. Lawn, Inc. in the form annexed to the Motion (Doc. 27-9) **within seven (7) days of the date of this Order**;

3. All pending deadlines in the Court's January 1, 2026, Order are **EXTENDED BY NINETY DAYS**.

Robert D. Mariani
United States District Judge